RR:CSK
F. #2004R01867

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

JOHN RODDEN,

                Defendant.

- - - - - - - - - - - - - - - - X

FILED
CLERK
2009 JAN 13 PM 3:34
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

I N F O R M A T I O N

Cr. No. 08-524 (SJ)
(T. 18, U.S.C., §§ 371 and 3551 et seq.)

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times relevant to this Information:

1. Yankee Associates ("Yankee") was a construction contractor with offices at 50-29 47th Street, Woodside, New York. The defendant JOHN RODDEN, together with another person, controlled Yankee.

2. Concorde Flooring Systems, Inc. ("Concorde") was a subchapter S corporation with offices at 31 East 32nd Street, 11th Floor, New York, New York. John Doe, whose identity is known to the United States Attorney, owned Concorde.

3. In or about July 1997, the defendant JOHN RODDEN and John Doe agreed to use Yankee as a vehicle to permit John Doe to defraud the United States of federal income tax revenue. In particular, RODDEN and John Doe agreed that Concorde would issue checks payable to Yankee and that RODDEN would cash the checks

payable to Yankee, deduct a fee from the proceeds, and return the balance to John Doe. RODDEN and John Doe further agreed that RODDEN would cause invoices to be created corresponding to the checks payable to Yankee, in order to make it appear that the checks were payments for services rendered by Yankee. RODDEN and John Doe agreed that Concorde would then falsely claim the entire amounts of the checks as business expenses on its federal income tax returns for the 1997 and 1998 calendar years, thereby fraudulently understating Concorde's taxable income for those years.

## COUNT ONE
(Conspiracy to Defraud the United States)

4. The allegations contained in paragraphs 1 through 3 are realleged and incorporated as if fully set forth in this paragraph.

5. On or about and between July 1, 1997 and September 30, 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN RODDEN, together with others, did knowingly and intentionally conspire to defraud the United States by impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department, an agency and department of the United States, in the ascertainment, computation, assessment and collection of revenue, to wit: the income tax due and owing as a result of the taxable income

received by Concorde for the 1997 and 1998 calendar years, in violation of Title 26, United States Code, Section 7201.

6. In furtherance of the conspiracy, and to effect its objectives, within the Eastern District of New York and elsewhere, the defendant JOHN RODDEN and others committed and caused the commission of, among others, the following:

OVERT ACTS

a. On or about July 23, 1997, the defendant JOHN RODDEN caused a check issued by Concorde and payable to Yankee in the amount of $21,000 to be cashed.

b. On or about November 17, 1997, the defendant JOHN RODDEN caused a check issued by Concorde and payable to Yankee in the amount of $21,000 to be cashed.

c. On or about May 6, 1998, the defendant JOHN RODDEN caused a check issued by Concorde and payable to Yankee in the amount of $44,000 to be cashed.

d. On or about May 14, 1998, John Doe caused Concorde to file a corporate tax return with the Internal Revenue Service Center in Holtsville, New York which contained a false statement concerning the amount of Concorde's taxable income for the 1997 calendar year.

e. On or about October 7, 1998, the defendant JOHN RODDEN caused a check issued by Concorde and payable to Yankee in the amount of $38,888 to be cashed.

3

f. On or about September 15, 1999, John Doe caused Concorde to file a corporate tax return with the Internal Revenue Service Center in Holtsville, New York which contained a false statement concerning the amount of Concorde's taxable income for the 1998 calendar year.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: *[signature]*
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

4