UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X      Docket#
UNITED STATES OF AMERICA,      :     08-cr-524(SJ)(SMG)
                               :
     - versus -                :     U.S. Courthouse
                               :     Brooklyn, New York
JOHN RODDEN,                   :
              Defendant        :     January 13, 2009
------------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE STEVEN M. GOLD
UNITED STATES CHIEF MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**


**For the Government**:          **Benton Campbell, Esq.**
                                 United States Attorney

                         BY:     **Charles Kleinberg, Esq.**
                                 Assistant U.S. Attorney
                                 One Pierrepont Plaza
                                 Brooklyn, New York  11201


**For the Defendant**:           **Michael Dowd, Esq.**



**Official Transcriber**:        **Rosalie Lombardi**
                                        **L.F.**


**Transcription Service**:       **Transcription Plus II**
                                 821 Whittier Avenue
                                 New Hyde Park, N.Y.  11040
                                 (516) 358-7352
                                 Transcriptions2@verizon.net


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

**Proceedings**

1          THE CLERK:  The Honorable Steven M. Gold
2   presiding.

3          Criminal Cause for a Guilty Plea, <u>United States
4   of America v. John Rodden</u>, docket number 08-cr-524.

5          Counsel, please state your appearances for the
6   record.

7          MR. KLEINBERG:  Charles Kleinberg for the
8   United States.

9          Good afternoon, your Honor.

10          MR. DOWD:  Michael Dowd for John Rodden,
11   your Honor.

12          Good afternoon.

13          THE COURT:  Good afternoon.

14          Mr. Rodden, do you speak and understand
15   English?

16          THE DEFENDANT:  Yes, I do.

17          THE COURT:  Now, I would like to know a little
18   bit about the procedural posture of the case.  Is this
19   the defendant's second time to the courthouse but first
20   formal appearance before the Court?

21          MR. KLEINBERG:  Correct, your Honor.

22          THE COURT:  So that's why I have a pretrial
23   services officer in the presence of Ms. Fannie (phonetic)
24   and a pretrial services report.  The defendant has been
25   interviewed.

3

### Proceedings

1      Has the defendant been processed by the marshal

2 service?

3      UNIDENTIFIED MALE SPEAKER:  Yes.

4      THE COURT:  Mr. Dowd, you are retained counsel

5 for the defendant?

6      MR. DOWD:  Yes, sir.

7      THE COURT:  And you have filed a notice of

8 appearance on his behalf?

9      MR. DOWD:  I did the last time.

10      MR. KLEINBERG:  If you filed one, then it's

11 there.  I mean, did you?

12      THE COURT:  Did you file one that got docketed

13 or you don't remember?

14      MR. DOWD:  Yes.

15      THE COURT:  All right.  I will assume you did

16 but since I sense of touch of tentativeness and --

17      MR. DOWD:  We did.

18      THE COURT:  -- I will ask you to double check

19 it after today's proceeding.

20      MR. DOWD:  Yes.

21      THE COURT:  Certainly it's your complete

22 intention to do so and your appearance for the defendant

23 is not contingent upon any event that has not yet

24 occurred.

25      MR. DOWD:  Right, Judge.  Absolutely not,

4

**Proceedings**

1   your Honor.

2               THE COURT:  Okay.

3               MR. DOWD:  I have been his lawyer for --

4               THE DEFENDANT:  Eight years.

5               MR. DOWD:  -- eight years and I don't expect to

6   terminate that relationship willingly.

7               THE COURT:  Okay.  I am sure Mr. Rodden is very

8   pleased to know that.

9               Now Mr. Rodden, you are essentially under

10  arrest.

11              THE DEFENDANT:  Yes.

12              THE COURT:  That being the case, I need to

13  alert you to certain constitutional rights you have.  You

14  have the right to remain silent and you are going to be

15  asked a lot of questions today, but technically you don't

16  have to answer any of them.

17              And if you do choose to remain silent, you can

18  count on the fact that if your case ever goes forward,

19  the judge will instruct the jury that they can't hold

20  your silence against you when they decide what their

21  verdict should be in your case.

22              In other words, you have the right not to be

23  prejudiced if you exercise your right to remain silent

24  and decide not to say anything.

25              On the other hand, if you do speak as the

5

**Proceedings**

1   papers before me indicate it's your intention to,

2   whatever you say can be used against you by the

3   prosecutor even if you say it to somebody else.  The only

4   exception for all of this is if you speak to your own

5   attorney which, of course, remains confidential.

6           Do you understand all of that?

7           THE DEFENDANT:  Yes.

8           THE COURT:  You have the right to understand

9   what you've been accused of and the prosecution has

10  prepared a charging document which I don't think I have a

11  copy of up here but I am sure that will be remedied

12  promptly.  And that tells you what the charge is.  We

13  call it a felony information.

14          Have you seen that document and reviewed it

15  with Mr. Dowd and do you understand what you're accused

16  of?

17          THE DEFENDANT:  Yes.

18          THE COURT:  And, of course, you have the right

19  to an attorney.  And to ask the Court to appoint a lawyer

20  at no cost to you if you cannot afford to retain one

21  privately by yourself.

22          Mr. Dowd says that you have retained him to be

23  your attorney and you do not seek court-appointed

24  counsel.

25          Is all of that correct?

6

**Proceedings**

1        THE DEFENDANT:  Yes.

2        THE COURT:  Now, what brings us into the

3    courtroom today is not only all of the things I have

4    already raised but the indication I have from your

5    attorney and the prosecutor that you wish to waive your

6    right to indictment and enter a plea of guilty pursuant

7    to a written agreement you've entered into with the

8    prosecution.

9        Before we proceed any further, I need to make

10   sure that you understand that I am not the judge who is

11   presiding over your case.  That's United States District

12   Judge Johnson.  Judge Johnson is the one who is going to

13   decide whether any plea of guilty you might choose to

14   offer should be accepted and if it is, how your sentence

15   should be determined.

16       I'm a magistrate judge, not a district judge

17   like Judge Johnson.  I do not have the authority under

18   the law to formally take those steps.  If you wish, you

19   have the absolute right to present your plea of guilty to

20   Judge Johnson on another day that's more convenient to

21   him and if that's your choice, there will be no prejudice

22   to you.  You will be permitted to enter a plea of guilty

23   on the same terms and conditions that are being offered

24   to you right now.

25       In the alternative though, if I have your

7

**Proceedings**

1  consent and agreement, I do have the authority to be the

2  judge who listens to your plea of guilty.  And if you do

3  agree to proceed before me, I will arrange for the

4  proceeding to be recorded and transcribed, so

5  Judge Johnson has a written record of everything that

6  we've said before he's called upon to decide whether or

7  not to accept your plea and how to calculate your

8  sentence.

9            Did you follow all of that?

10           THE DEFENDANT:  Yes.

11           THE COURT: Do you wish to give up your right to

12  have Judge Johnson listen to your plea and do you agree

13  to proceed instead before me?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Are you making this decision

16  voluntarily and of your own free will?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Have you been threatened or forced

19  in any way to agree to this?

20           THE DEFENDANT:  No.

21           THE COURT:  Did you review this form with your

22  lawyer and sign it near the bottom?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Did you understand what you were

25  signing?

8

**Proceedings**

1         THE DEFENDANT:  Yes.

2         THE COURT:  Mr. Dowd, do you know of any reason

3  why your client should not consent to proceed before me

4  for these purposes?

5         MR. DOWD:  No, sir.

6         THE COURT:  I find the consent of the defendant

7  knowing and voluntary.  I add my endorsement to the form

8  to reflect my finding.

9         Mr. Rodden, before I can recommend to

10 Judge Johnson that he accept any waiver or plea of guilty

11 that you might choose to offer today, I am going to be

12 asking you a long list of questions.  These are important

13 questions.  They're designed to make sure you understand

14 what a serious decision is it you're about to make.

15        They are also designed to protect the

16 prosecution and the Court by creating a record that will

17 show, if anyone reviews it, that I explained to you what

18 your rights were, you told me you understood them and

19 that you wanted to give them up.

20        And once that happens, if you go forward with a

21 guilty plea it will be legally valid and permanently

22 binding upon you.  And for that reason, I am urging you

23 to listen carefully to all of my questions.  Don't answer

24 what you don't understand.  Tell me you don't understand

25 the question.  I will try to ask it in a different way.

9

### Proceedings

1      If you want to stop at any point to ask me a

2  question or because you would like to have a private

3  conversation with Mr. Dowd, just tell me.  I will afford

4  you that opportunity.

5          Are we clear with each other so far?

6          THE DEFENDANT:  Yes.

7          THE COURT:  It's very important that you are

8  truthful today, and to that end I will direct that you be

9  placed under oath before we proceed.

10  **J O H N   R O D D E N ,**

11      **having been first duly sworn, was examined and**

12      **testified as follows:**

13          THE COURT:  Now that you've taken an oath, when

14  you answer my questions you do so subject to penalties of

15  perjury or making a false statement.  Simply put, what

16  that means that if you lie to me during this proceeding,

17  the prosecutor can bring new charges against you for

18  that.

19          Are we clear?

20          THE DEFENDANT:  Yes.

21          THE COURT:  State your full name.

22          THE DEFENDANT:  John Rodden.

23          THE COURT:  How old are you?

24          THE DEFENDANT:  54.

10

**Proceedings**

1          THE COURT:  How far did you go in school?

2          THE DEFENDANT:  To secondary school.  That's

3   like -- an intermediate college.

4          THE COURT:  Is English your native language?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Are you having any problem

7   understanding me?

8          THE DEFENDANT:  No.

9          THE COURT:  Are you now or have you recently

10   been seeing a doctor, psychiatrist or other healthcare

11   professional for any physical, mental or emotional

12   problems?

13          THE DEFENDANT:  No.

14          THE COURT:  In the last 24 hours, have you

15   taken any narcotics, drugs, medicine, pills or alcohol?

16          THE DEFENDANT:  No.

17          THE COURT:  Have you ever in your life been

18   hospitalized for drug or alcohol abuse or mental or

19   emotional problems?

20          THE DEFENDANT:  No.

21          THE COURT:  Is your mind clear?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Do you feel healthy and focused and

24   alert?

25          THE DEFENDANT:  Yes.

Transcription Plus II          Rosalie Lombardi

11

### Proceedings

1    THE COURT:  And do you understand everything

2  that's happened here so far?

3    THE DEFENDANT:  Yes.

4    THE COURT:  I've asked you if you received a

5  copy of what we call a felony information earlier and you

6  told me that you have.  The felony information charges

7  you with conspiring or agreeing to work together with

8  others between 1997 and 1999 to defraud the Internal

9  Revenue Service of the Treasury Department, an agency of

10  the United States government in connection with its

11  collection of taxes and it spells out an invoice scheme

12  that created the appearance of business expenses when, in

13  fact, there were none by which that conspiracy was

14  perpetrated.

15    Do you understand what you're accused of in

16  this document?

17    THE DEFENDANT:  Yes.

18    THE COURT:  This is a felony charge.

19    THE DEFENDANT:  Yes.

20    THE COURT:  When I say it is a felony charge, I

21  mean that it carries a potential penalty of more than one

22  year of incarceration.  Because it is a felony charge,

23  you have a right under the United States Constitution to

24  have it lodged against you only by way of an indictment

25  returned by a properly constituted grand jury.

12

**Proceedings**

1         This is not an indictment and this was not

2    returned by any grand jury at all.  This is a piece of

3    paper prepared by an assistant United States attorney

4    like Mr. Kleinberg, perhaps Mr. Kleinberg himself, and

5    signed by the United States attorney or his designee with

6    no grand jury proceeding having been held.

7         If you do not waive your right to have an

8    indictment considered by a grand jury, you cannot under

9    our Constitution be charged with a felony like this one.

10   Only if a grand jury hears evidence presented against you

11   and returns an indictment, that is to say finds that

12   there is probable cause to believe that you committed

13   this crime could you be charged with it.

14        Nw if you elect not to waive your right to

15   indictment, the prosecutor, assuming the statute of

16   limitations has not expired because of waivers that have

17   been entered with respect to it, the prosecutor could go

18   before the grand jury, present evidence against you and

19   ask the grand jury to return an indictment charging you

20   with this felony.

21        The grand jury would have at least 16 but not

22   more than 23 members.  And least 12 of the 16 to 23 grand

23   jurors would have to vote that they believed there was

24   probable cause to believe you committed this crime before

25   you could be indicted for it.

13

**Proceedings**

1           The grand jury might indict you.  It might not

2    indict you.  But if you waive your right to an

3    indictment, this piece of paper which says what the

4    charge is will be lodged against you and the case will

5    proceed against you on the basis of this charge just as

6    though you had been indicted by a grand jury, even though

7    there will have been no grand jury proceedings at all.

8           Did you follow all of that?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Have you discussed carefully with

11   Mr. Dowd whether or not you should waive your right to

12   grand jury indictment?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Do you wish to waive your right to

15   grand jury indictment?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Has anyone threatened you or

18   pressured you in order to get you to agree to that?

19          THE DEFENDANT:  No.

20          THE COURT:  Has anyone promised you anything to

21   get you to agree to waive your right to grand jury

22   indictment?

23          THE DEFENDANT:  No.

24          THE COURT:  Did you sign this waiver of

25   indictment form?

14

**Proceedings**

1          THE DEFENDANT:  Yes.

2          THE COURT:  Did you review the form carefully

3     with your attorney and understand it before you signed

4     it?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you have any questions about it?

7          THE DEFENDANT:  No.

8          THE COURT:  Mr. Dowd, do you know of any reason

9     why your client should not waive his right to grand jury

10    indictment?

11         MR. DOWD:  No, sir.

12         THE COURT:  I find the waiver of the defendant

13    knowing and voluntary and I add my endorsement to the

14    waiver form to reflect that finding.

15         Mr. Dowd, have you reviewed the matter of

16    pleading guilty pursuant to this agreement carefully with

17    Mr. Rodden?

18         MR. DOWD:  I have, Judge.

19         THE COURT:  Does he understand the rights he'll

20    be waiving if he enters a guilty plea?

21         MR. DOWD:  Yes, sir.

22         THE COURT:  Is he capable of understanding this

23    proceeding?

24         MR. DOWD:  Yes, sir.

25         THE COURT:  Do you have any doubt about his

15

**Proceedings**

1  competence to enter a guilty plea at this time?

2          MR. DOWD:  No, sir.

3          THE COURT:  Have you advised him of the maximum

4  sentence and fine that might be imposed, discussed with

5  him the likely operation of the sentencing guidelines and

6  alerted him to the collateral consequences of a

7  conviction?

8          MR. DOWD:  I have, your Honor.

9          THE COURT:  I take it the defendant is not a

10  United States citizen.

11          Is that correct?

12          MR. DOWD:  That is correct, your Honor.

13          THE COURT:  Okay.

14          Mr. Rodden, have you had enough time to review

15  your case very carefully with Mr. Dowd and have you done

16  that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Are you satisfied to have Mr. Dowd

19  be the attorney defending you in this case?

20          THE DEFENDANT:  Yes.

21          THE COURT:  I have already reviewed with you

22  the charge against you in the information which now has

23  the functional equivalent of an indictment because you

24  waived your right to indictment.

25          Do you have those charges clearly in your mind?

16

**Proceedings**

1          THE DEFENDANT:  Yes.

2          THE COURT:  You have a right to plead not

3   guilty to the charge and you have that right whether you

4   committed the crime or not.  Pleading not guilty is never

5   lying or misleading the Court.  Every defendant has the

6   right to enter a plea of not guilty whether he committed

7   the crime he is charged with or not.

8          Do you understand?

9          THE DEFENDANT:  Yes.

10          THE COURT:  If you plead not guilty, then under

11   the Constitution and laws of the United States, you would

12   are entitled to a speedy and public trial by jury with

13   your attorney's assistance on all charges that are

14   pending against you.

15          Is that clear?

16          THE DEFENDANT:  Yes.

17          THE COURT:  At the trial, you would be presumed

18   to be innocent.  The prosecution would be required to

19   overcome this presumption of innocence and to prove that

20   you were guilty by competent evidence and beyond a

21   reasonable doubt.  You would have no obligation to prove

22   that you were innocent.

23          If the prosecution failed to prove that you

24   were guilty beyond a reasonable doubt, the members of the

25   jury would have the duty to return a verdict of not

17

**Proceedings**

1    guilty and Judge Johnson would so instruct them.

2            Did you follow me?

3            THE DEFENDANT:  Yes.

4            THE COURT:  That's why juries sometimes find

5    defendants not guilty even though the jurors believe the

6    defendant probably did commit the crime he is charged

7    with.  Probably is not enough for a jury to vote for

8    conviction.

9            When jurors find defendants not guilty, it

10   doesn't mean they believe the defendant is innocent

11   necessarily.  Jurors understand that they cannot return a

12   verdict of guilty unless they are convinced beyond a

13   reasonable doubt that that verdict is proper.

14           Do you follow that?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  If you were to proceed to trial,

17   then during the course of your trial the prosecutor's

18   witnesses would be required to come into the courtroom

19   and present their testimony against you right in front of

20   you and your attorney.

21           Your attorney would have the right to question

22   the prosecution witnesses on cross-examination.  Your

23   attorney would have the right to raise objections to the

24   evidence that the prosecutor attempted to offer against

25   you.  And you and your lawyer working together would have

18

**Proceedings**

1  the right to call witnesses, present evidence and make

2  arguments to the jury during the course of your trial.

3          Did you follow all of that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  At the trial, you yourself would

6  have the right to testify as a witness in your own

7  defense if you wanted to.  Nobody could make you testify

8  at the trial against your will though because the United

9  States Constitution says that no one may be compelled to

10  say anything self-incriminating.

11          If you decided that you preferred not to

12  testify as a witness in your own defense at your trial,

13  Judge Johnson would instruct the members of the jury that

14  they could not take your decision to remain silent into

15  account or hold it against you in any way when they

16  decided what their verdict should be.

17          Is that clear to you?

18          THE DEFENDANT:  Yes.

19          THE COURT:  If you plead guilty on the other

20  hand, and Judge Johnson decides that your guilty plea

21  should be accepted, you will as a result be surrendering

22  your Constitutional right to trial and all of the other

23  rights that I've been telling you about today.  There

24  will be no further trial of any kind and you will have no

25  right to appeal from your conviction.

19

## Proceedings

1    Judge Johnson will essentially find you guilty

2   based upon your admissions during this proceeding that

3   we're holding right now.   That will free the prosecutor

4   of any responsibility to prove what you did.

5    Do you understand that?

6    THE DEFENDANT:  Yes.

7    THE COURT:  If you went to trial and the jury

8   found you guilty by their verdict, you would have a right

9   to take appeal to a higher court and ask the appellate

10   court to review the legality of all of the proceedings

11   that led to your conviction.

12    But when you plead guilty, your conviction is

13   based upon what you decided you wanted to say.  Under

14   that circumstance, there is no right to an appeal to

15   review the legality of the conviction unless you can

16   establish that the proceeding in which you said those

17   things, and that's this proceeding right now, was

18   unlawful.

19    Do you understand that?

20    THE DEFENDANT:  Yes.

21    THE COURT:  If you plead guilty, I am going to

22   ask you questions about what you did in connection with

23   the charges in the indictment -- information, excuse me,

24   so that Judge Johnson and I can be satisfied that your

25   plea is based upon real facts.  You do not have to answer

20

**Proceedings**

1   my questions unless you wish to go forward with your

2   guilty plea.

3            But if you do answer my questions and you admit

4   your involvement in the criminal activity you are charged

5   with, you will be surrounding your constitutional right

6   against self-incrimination.

7            Do you understand all of that?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Do you still wish to give up your

10   right to trial and all of the other rights I've been

11   telling you about today?

12            THE DEFENDANT:  Yes.

13            THE COURT:  I am told you're making this

14   decision pursuant to a written agreement.  I have

15   arranged for that agreement to be marked as Court Exhibit

16   1.  And my clerk is going to show it to you and your

17   lawyer right now.

18            Directing your attention to Court Exhibit 1, do

19   you recognize this document?

20            THE DEFENDANT:  Yes.

21            (Counsel and client confer)

22            THE COURT:  Did you sign the final page?

23            THE DEFENDANT:  Yes, yes.

24            THE COURT:  Before you signed it, did you read

25   it?

21

**Proceedings**

1        THE DEFENDANT:  Yes, I did.

2        THE COURT:  Did you go over it really carefully

3 with Mr. Dowd?

4        THE DEFENDANT:  Yes, I did.

5        THE COURT:  Did you have any questions about

6 anything it says?

7        THE DEFENDANT:  No.

8        THE COURT:  Anything you want to talk to

9 Mr. Dowd with about it?

10        THE DEFENDANT:  No.

11        THE COURT:  Everything in the agreement is

12 clear to you?

13        THE DEFENDANT:  Yes.

14        THE COURT:  Does this agreement contain a full

15 and accurate statement of everything you and the

16 prosecution have agreed to concerning your case?  I lost

17 you with that question.  I can tell by the look on your

18 face.

19        THE DEFENDANT:  Well --

20        THE COURT:  Does this written agreement have in

21 writing everything that you hand the prosecutor have

22 agreed to in connection with your guilty plea?

23        THE DEFENDANT:  Yes.

24        THE COURT:  Has anyone promised you anything in

25 return for pleading guilty that is not written down in

**Proceedings**

1    this agreement?

2             THE DEFENDANT:  No.

3             THE COURT:  Again, I want to make sure you have

4    the charge against you clearly in your mind; the

5    conspiracy to defraud the Internal Revenue Service of the

6    United States government.  Do you have that in your mind?

7             THE DEFENDANT:  Yes.

8             THE COURT:  I need to review with you the

9    penalties you face if you wish to go forward with your

10   plea.  The statute you're accusing of violating

11   authorizes a prison sentence that could be as long as

12   five years.

13            Do you understand me?

14            THE DEFENDANT:  Yes.

15            THE COURT:  In addition, it authorizes a term

16   of supervised release that could be as long as three

17   years.

18            Do you understand?

19            THE DEFENDANT:  Yes.

20            THE COURT:  Supervised release is a period of

21   time that will begin to run only when you finished

22   serving any prison sentence that might be imposed upon

23   you.  At that point, you will be released from physical

24   custody but you won't be completely free because you'll

25   be subject to the rules and potential penalties of

23

**Proceedings**

1  supervised release.

2          If you remain in the United States, they will

3  include restrictions on your right to travel freely,

4  requirements that you report on a regular basis to a

5  probation officer and that you answer the officer's

6  questions honestly and follow the officer's instructions

7  carefully.  Those are some, not all of the rules you

8  would have to follow.

9          Whether you remain in the United States or not,

10  it will be a further condition of supervised release that

11  you commit no new crimes whatsoever.  And if you break

12  any supervised release rule, whether in doing so you've

13  committed a new crime or not, you could be arrested,

14  brought back to our courthouse and sent back to prison

15  for up to two years on this offense with no credit for

16  the time you spent serving your original sentence or

17  while your freedoms were restricted on supervised

18  release.

19          Is all of that clear?

20          THE DEFENDANT:  Yes.

21          THE COURT:  You could be fined either $250,000

22  or twice the amount made by  this tax conspiracy or the

23  losses caused to the government by the tax conspiracy,

24  whichever of those three calculations is greatest.

25          Do you understand?

24

**Proceedings**

1          THE DEFENDANT:  Yes.

2          THE COURT:  You will be required to make

3  restitution for the tax losses caused by the conspiracy

4  from 1997 through 2002.

5          Is that clear?

6          THE DEFENDANT:  Yes.

7          THE COURT:  You will be required to make a $100

8  special assessment payment at or about the time you are

9  sentenced.

10          Is that clear?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Your conviction is a basis for your

13  deportation or removal from the United States and any

14  admissions you make in my courtroom today will be legally

15  binding upon you in all future proceedings, including any

16  that might be held to determine whether you may remain in

17  or ever return to the United States.

18          Is that clear?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Then I wish to turn your attention

21  to what we call the Sentencing Commission Guidelines.

22  These guidelines will be calculated by Judge Johnson on a

23  future day and will provide him with a range of months

24  within which the law will urge him to consider imposing

25  sentence.

25

**Proceedings**

1      Have you talked to Mr. Dowd about these

2  guidelines and how they're likely to operate in your

3  particular case?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Has the government developed a

6  guideline range estimate absente the special matters

7  addressed in the agreement?

8          MR. KLEINBERG:  Yes, your Honor.  We estimate

9  at this time that the advisory guideline range level will

10  be level 19 based on a tax loss of over $400,000 under

11  2(t)(4.1).  And if there is a plea that's accepted today,

12  we will recommend a three point downward adjustment,

13  resulting in a level 19.

14          THE COURT:  Criminal history category one?

15          MR. KLEINBERG:  Again, there's an issue about

16  that because he has a related conviction in state court

17  but we're assuming criminal history category one and if

18  that's correct, it's 30 to 37 under our present estimate.

19          THE COURT:  Those would be months; 30 to 37

20  months, two and a half to three years and a month.

21          MR. KLEINBERG:  That's correct; yes.

22          THE COURT:  Did you hear all of that --

23          THE DEFENDANT:  Yes.

24          THE COURT:  -- Mr. Rodden?

25          THE DEFENDANT:  Yes.

26

**Proceedings**

1          THE COURT:  Now that's the prosecutor's

2    estimate. It may be carefully reached but it's not

3    binding on Judge Johnson.  Judge Johnson will make his

4    own guidelines calculation.  He hasn't done so yet.  He

5    won't until he receives something we call a presentence

6    report.  That hasn't been written yet.

7          Once it's ready, your lawyer and the prosecutor

8    and you will all have a chance to read it.  Then there

9    will be an appearance before Judge Johnson at which you

10   may address the Court.  And at that point, Judge Johnson

11   will calculate the guidelines for himself.  He might

12   decide upon an even longer guideline range than the one

13   estimated by Mr. Kleinberg.

14          Is that clear?

15          THE DEFENDANT:  Yes.

16          THE COURT:  After the Judge decides what the

17   guideline range is, he may consider whether there's a

18   reason to impose a sentence outside the guideline range.

19   It could be longer.  It could be shorter.  Your agreement

20   with the prosecutor suggests the possibility that the

21   prosecution will make a motion to Judge Johnson asking

22   him to consider imposing a sentence below the guideline

23   range but it doesn't guarantee you that the prosecutor

24   will do that.  This depends in part upon things that have

25   not yet even occurred.

27

**Proceedings**

1       Is that clear to you?

2       THE DEFENDANT:  Yes.

3       THE COURT:  Even if the prosecution makes the

4  motion, Judge Johnson is not obligated to grant it.  That

5  is to say, even if the prosecutor is convinced to argue

6  to the judge that you merit consideration for a sentence

7  below the guidelines, that doesn't mean that Judge

8  Johnson has to agree with that.

9       Do you understand that?

10       THE DEFENDANT:  Yes.

11       THE COURT:  No matter what sentence you

12  receive, you will have no right to say you want to change

13  your mind about having entered a guilty plea and no right

14  to challenge the legality of your conviction.  The only

15  right you will have after sentencing with respect to

16  further review will be to challenge the length of the

17  sentence that Judge Johnson has imposed if you have a

18  good faith basis for believing it was unlawfully set, not

19  a challenge to the conviction that will have been entered

20  in your case.

21       Is that clear?

22       THE DEFENDANT:  Yes.

23       THE COURT:  You may have heard of parole.

24  Parole is a program of early release from prison from a

25  sentence but it is a state court program.  This is a

28

**Proceedings**

1  federal court prosecution.  You will to be released early

2  from any sentence you receive on parole.

3          Is that clear to you?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Do you have any questions you would

6  like to ask me or discuss privately with Mr. Dowd about

7  your rights, the penalties you face, the charges against

8  you or anything else concerning this case?

9          THE DEFENDANT:  No.

10          THE COURT:  Is everything I've told you today

11  clear to you?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Are you ready to enter your plea?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Mr. Dowd, do you know of any reason

16  why your client should not offer the guilty plea

17  contemplated by his agreement?

18          MR. DOWD:  No, sir.

19          THE COURT:  Mr. Rodden, with respect to charge

20  of conspiracy to defraud the United States of America,

21  how do you plead; guilty or not guilty?

22          THE DEFENDANT:  Guilty.

23          THE COURT:  Are you making this guilty plea

24  voluntarily and of your own free will?

25          THE DEFENDANT:  Yes.

29

**Proceedings**

1          THE COURT:  Have you been threatened or forced

2     by anyone to offer this guilty plea?

3          THE DEFENDANT:  No.

4          THE COURT:  Other than what's written in your

5     agreement with the prosecution, has anyone promised you

6     anything in return for your guilty plea?

7          THE DEFENDANT:  No.

8          THE COURT:  Has anyone promised you what

9     sentence Judge Johnson will impose in your case?

10         THE DEFENDANT:  No.

11         THE COURT:  What did you do that makes you

12    guilty of this offense?  You can read a prepared

13    statement provided it's the truth.

14         THE DEFENDANT:  From 1997 to 1998 in Woodside,

15    New York and elsewhere, I agreed with another person who

16    owned a company called Concord Flooring Systems, Inc.

17    That we should use a company that I controlled called

18    Yankee Associates to defraud the United States.  We

19    agreed to impede, obstruct, and defeat the ability of the

20    Internal Revenue Service to commute, assess and collect

21    the income taxes that were due and owing from Concord for

22    the years 1997 and 1998.  In particular, we agreed as

23    follows:

24              (1) Concord would issue checks to Yankee.

25              (2) I would then cash the checks, deduct a fee

30

**Proceedings**

1  from the proceeds and return the balance to the owner of

2  Concord.

3          Yankee would issue invoices to Concord to make

4  it appear that the checks were for services rendered by

5  Yankee to Concord when, in fact, they were not and

6  Concord falsely claimed the entire amounts of the checks

7  as business expenses on federal income tax returns for

8  the years 1997 to 1998.

9          To help carry out our agreement in October of

10  1998, I cashed a check from Concord to Yankee in the

11  amount of $38,888 to be cashed.

12          THE COURT:  Did you know in 1997 and 1998 that

13  the reason that Concord was giving you these checks and

14  that you were returning invoices to Concord was to make

15  it appear that business expenses were incurred by concord

16  when, in fact, they were not?  You understood the purpose

17  of all of this was to evade taxes at the time you were

18  doing it?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Is there anything further the

21  government would have me inquire of Mr. Rodden?

22          MR. KLEINBERG:  No, your Honor.

23          THE COURT:  Mr. Dowd, unless my math is very

24  wrong the limitations period would have run unless there

25  have been waivers.  Has a waiver been executed in the

31

**Proceedings**

1  past?

2          MR. DOWD:  Yes, there's a waiver in existence,

3  your Honor, that doesn't expire until January 15 of this

4  year.  So we are within the statutory period pursuant to

5  a waiver.

6          THE COURT:  And I take it that's consistent

7  with the government's understanding?

8          MR. KLEINBERG:  Yes, that's correct,

9  your Honor.

10          THE COURT:  Based on the information given to

11  me, I find that the defendant Rodden is acting

12  voluntarily, that he fully understands his rights and the

13  consequences of his plea and that there is a basis in

14  fact for it.  I, therefore, recommend that Judge Johnson

15  accept the defendant's plea of guilty to the sole charge

16  in the felony information.

17          I assume that probation will set a sentencing

18  date.

19          MR. KLEINBERG:  Yes, the one I have received

20  from chambers and I assume it's a control date is May 8,

21  2009 at 9:30.

22          THE COURT:  Thank you.

23          Between now and then, Mr. Rodden, you are going

24  to be interviewed by a probation officer.  The reason for

25  the interview is help the officer prepare the report that

32

**Proceedings**

1   Judge Johnson will use when he decides your sentence and

2   I therefore, urge you to be as cooperative and candid as

3   possible at that time.

4           I see that I have been provided with a proposed

5   bond setting bail in the unsecured amount of $100,000,

6   limiting travel of the defendant to the state of New

7   York, requiring that the defendant surrender any passport

8   he has to the pretrial services offices by January 21 and

9   not setting any other conditions.

10          MR. KLEINBERG:  Well, your Honor, we were in

11  the -- we didn't have the pretrial services report at the

12  time we handed that up.  As you came out, we were to add

13  to the report based on pretrial services recommendation,

14  the standard conditions that he report to pretrial

15  services as directed, that he be subject to random home

16  and employment visits and he be subject to random

17  substance abuse testing, evaluation and treatment as

18  deemed necessary by pretrial services.

19          THE COURT:  Mr. Dowd?

20          MR. DOWD:  That's fine.

21          THE DEFENDANT:  That's fine.

22          THE COURT:  Is there any substance abuse

23  history?

24          MR. DOWD:  No, your Honor.  I mean he does --

25          THE COURT:  Pretrial is in the office -- I mean

33

**Proceedings**

1  there's a DWI from 15, 16 years ago.  Is there anything

2  else?

3              PRETRIAL SERVICES OFFICER:  He actually

4  (inaudible), your Honor, and that's why that condition is

5  (inaudible).

6              THE COURT:  Then we will impose it.

7              Mr. Rodden, I am going to release you on the

8  bond that we have been discussing.  Let me tell you what

9  that means.  If you don't come back to court whenever

10  you're supposed to, you are going to owe the United

11  States government $100,000.

12              In addition, a warrant will issue for your

13  arrest.  You will be taken into physical custody and

14  brought back to the Court in handcuffs.  You will then

15  appear before a judge who will revoke this bond and

16  impose harsher bail or detain you with no bail

17  whatsoever.

18              You will also be charged with the separate

19  crime of bail jumping.

20              THE DEFENDANT:  Yes.

21              THE COURT:  You can be convicted of bail

22  jumping regardless of the outcome of this charge,

23  although now you'll be convicted of this charge as well.

24  If -- a conviction for bail jumping carries a mandatory

25  prison sentence that must be served consecutively to any

34

**Proceedings**

1   sentence imposed in your tax case.

2           Do you understand all of that?

3           THE DEFENDANT:  Yes, of course.

4           THE COURT:  If you commit any crime at all

5   while you're out on bail, that will be grounds to revoke

6   your bail and to impose a harsher penalty than what would

7   otherwise apply to the new offense because you were on

8   bail when it was committed.

9           Is all of that clear?

10          THE DEFENDANT:  Yes.

11          THE COURT:  All right.  Subject to random

12  visits, must report by telephone as directed, must

13  undergo random drug testing, evaluation and treatment for

14  substance abuse.

15          Is there anything else?  Mr. Dowd, your client

16  may sign the bond where indicated.

17          MR. DOWD:  Yes, sir.

18          THE COURT:  Thank you.

19          (Handing)

20          MR. DOWD:  Your Honor, I am returning the bond

21  to the Court.

22          THE COURT:  Thank you, Mr. Dowd.

23          Is there anything further for the Court's

24  attention?

25          MR. KLEINBERG:  Not from the government,

35

## **Proceedings**

1    your Honor.

2           MR. DOWD:  Not from the defendant, your Honor.

3           THE COURT:  Well then have a good day.

4           MR. DOWD:  You, too.

5           MR. KLEINBERG:  Thank you, your Honor.

6              (Matter concluded)

7                   -oOo-

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

36

# C E R T I F I C A T E

I, ROSALIE LOMBARDI, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **23rd** day of **February** , 2009.



**Rosalie Lombardi**
**Transcription Plus II**